# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LEILA CRUZ-McCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-1274-HLT-KGG |
| | ) |
| TOPEKA RESCUE MISSION, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER
## GRANTING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Leila Cruz-McCoy has filed a Motion for Appointment of Counsel (Doc. 9). Having reviewed Plaintiff's submission, the Court **GRANTS** Plaintiff's motion.

The Tenth Circuit has identified four factors to be considered when deciding whether to appoint counsel: (1) the plaintiff's ability to afford counsel, (2) the plaintiff's diligence in searching for counsel, (3) the merits of the plaintiff's case, and (4) the plaintiff's capacity to prepare and present the case without the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors

applicable to applications under Title VII).

The Court previously granted Plaintiff's motion to proceed *in forma pauperis*, thus establishing her inability to afford counsel.  (*See* Doc. 4.)  The Court now finds that Plaintiff has made a reasonable and diligent search for counsel, thus satisfying the second ***Castner*** factor.  (*See* Doc. 9.)  The Court notes the pending dispositive motion filed by Defendant (Doc. 11), which may implicate the third factor – the merits of Plaintiff's case.  That stated, the Court finds that, for the purposes of this motion requesting counsel, Plaintiff's claims are not frivolous on their face.

The analysis thus turns on the final ***Castner*** factor – Plaintiff's capacity to prepare and present the case without the aid of counsel.  979 F.2d at 1420-21.  The Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  In this regard, the factual and legal issues in the present case, alleging a violation of Constitutional rights, are not unusually complex.  *See* ***Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000).

That stated, the Court finds that Plaintiff's ability to gather and present crucial facts is impaired, establishing a basis to distinguish her from the various other *pro se* Plaintiff's representing themselves in federal courts throughout the

United States at any given time.   Plaintiff has informed the Court that she is blind (Doc. 9, at 3-4), which obviously complicates her ability to conduct the necessary legal research and serves as a basis to distinguish Plaintiff from other *pro se* litigants.   The Court is not finding that Plaintiff's blindness, in and of itself, entitles her to appointment of counsel.   Rather, the Court has various types of assistance available for litigants with disabilities.   However, Plaintiff also indicates that she is developmentally disabled.   Taken in conjunction with her blindness, the Court finds that the appointment of counsel in this matter is appropriate.

Considering all of these factors, the Court **GRANTS** Plaintiff's request for appointment of counsel.   The Court will initiate the process for obtaining counsel for Plaintiff and will enter a final order of appointment after counsel has been located.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Appoint Counsel (Doc. 9) is **GRANTED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 1st day of December, 2020.

 s/ KENNETH G. GALE  
KENNETH G. GALE  
United States Magistrate Judge